IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GIACOMO NOVIELLI**<br>520 Jacobsburg Road<br>Nazareth, PA 18064<br><br>*Plaintiff,*<br><br>vs.<br><br>**ABM INDUSTRIES, INC** *d/b/a* **ABM**<br>One Liberty Plaza, 7th Floor<br>New York, NY 10006<br><br>*Defendant.* | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

### CIVIL ACTION COMPLAINT

Giacomo Novielli (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by ABM Industries, Inc. *d/b/a* ABM (hereinafter "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and ADEA.  Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and ADEA.

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Middle District of Pennsylvania.

5. Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to his ADA and ADEA claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address set forth in the caption.

8. Defendant ABM Industries, Inc.., upon information and belief, is an American corporation providing facility solutions including janitorial, electrical & lighting, energy solutions, facilities engineering, HVAC & mechanical, landscape & turf, mission critical solutions and parking in urban, suburban and rural areas to properties of all sizes, headquartered at the address set forth in the above caption.

9. At all times relevant herein, Defendant acted by and through their agents, servants

and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff is 60-years-old (59-years-old at the time of his unlawful termination (discussed *infra*).

12. Plaintiff began his employment with Defendant from in or about September 2018 until his unlawful termination (discussed *infra*) effective November 3, 2021.

13. Plaintiff was employed by Defendant for approximately three years.

14. Plaintiff worked for Defendant as a Site/Project Manager and physically worked at Lehigh University, one of Defendant's clients, located at 27 Memorial Drive, Bethlehem, PA 18015.

15. Lehigh University authorized locations of its real estate or premises to be utilized as hubs/offices for Defendant, as Defendant provided extensive services across Lehigh University's campus.

16. While employed with Defendant, Plaintiff reported to James Hantz (an LFS Manager, *hereinafter* "Hantz").

17. Plaintiff also reported to Margie Leauber (an Office Manager and Project Manager, *hereinafter* "Leauber").

18. On or about September 16, 2021, Plaintiff suffered significant injuries to his foot, resulting in foot related disabilities.

19. As a result of his aforesaid foot injuries, Plaintiff was (at times) limited in his ability to perform some daily life activities, including but not limited to standing and walking (as well as other daily life activities).

20. Despite his aforesaid health conditions and limitations, Plaintiff was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable accommodations while employed with Defendant, such as time off to care for and treat his serious health conditions.

21. On or about September 17, 2021, Plaintiff's foot injuries were so painful, he needed to go to a hospital emergency room.

22. Plaintiff ultimately needed an approximate 10-day medical leave of absence from on or about September 17, 2021 through on or about September 27, 2021.

23. Plaintiff was having difficulty walking and was unable to work for a period of roughly 10 days.

24. Plaintiff's medical leave should have been Family and Medical Leave Act ("FMLA") qualifying, but Defendant failed to follow FMLA regulations with designations, forms, and other statutorily-required documents.

25. despite informing Defendants of Plaintiff's aforesaid health conditions and need for time off for same, at no time was Plaintiff informed of his rights and eligibility under the FMLA.

26. Therefore, Defendant failed to follow proper notice, designation, and informational regulations of the FMLA, and such failure demonstrated a willful and reckless disregard for whether their conduct was prohibited by the FMLA.

27. Instead of simply e-mailing or mailing Plaintiff standard FMLA documentation to verify the medical basis for his medical leave, Leauber insinuated Plaintiff was out for other (non-medical) reasons and was presumably giving a false excuse of health-related reasons for being out of work.

28. Leauber called Plaintiff while he was hospitalized and demanded proof of a medical problem, and threatening Plaintiff's job if he did not provide prompt proof of a medical reason for

absenteeism.

29. After getting hospital treatment, Plaintiff, with a medical boot on his leg, returned to work on or about September 20, 2021 to provide Leauber with medical documentation as she had demanded.

30. Plaintiff confirmed the need for a medical leave due to his foot injuries.

31. On or about September 24, 2021, Plaintiff had a follow-up medical appointment with his primary care physician ("PCP") at 9:00 AM and realized his medical insurance card was still in his office at work (within Defendant's offices at Lehigh University).

32. As possession of his medical insurance card was necessary to obtain medical care, Plaintiff went to his office to get his medical insurance card around 6:30 AM (expecting to be in and out of his work location in a matter of minutes).

33. Plaintiff had previously gone to work anytime, had flexibility, and he did not have any restrictions of when to arrive or leave work (or the campus).

34. Upon stopping by work on or about September 24, 2021, Plaintiff saw Leauber and greeted her "good morning," and asked if she could verify how much sick time Plaintiff had as well (seeking confirmation that would be applied towards his medical leave).

35. Instead of being responsive, Leauber was extremely hostile towards Plaintiff.

36. After exiting the building and initially driving away, Plainitff was suddenly surrounded by police personnel with guns drawn on him. The police demanded Plaintiff place his hands in the air, kept guns pointed at me, and told him that Leauber reported I had been on school premises with a loaded gun.

37. Plaintiff is a retired police officer, and he does not carry any such weapons.

38. Plaintiff explained to the police that he was employed as a manager, but ultimately was detained for several hours during this incident and not permitted to leave.

5

39. Plaintiff was eventually permitted to leave after verification he was no threat, had no weapon(s), and other clarification(s).

40. Plaintiff could have been shot or seriously injured, and Plaintiff has had anxiety attacks thereafter from Leauber's intentional false report(s) and false police complaint(s).

41. On or about September 27, 2021 (approximately 10 days from commencing medical leave), Plaintiff tried to return to work to talk with management as he had been told he would have to return to work at Defendant with medical documentation of "no restrictions."

42. Because of Leauber's prior false police report, Plaintiff texted human resources and management in advance this time to let them know he was returning to work to drop off medical clearance(s).

43. Upon returning to work on or about September 27, 2021, Plaintiff's key and badge access had been changed (preventing access to him). Leauber showed up and demanded to know why Plaintiff was at work. Plaintiff informed Leauber that he was dropping off medical clearance(s) and had texted management / human resources to let them know he was coming.

44. To Plaintiff's complete shock, Leauber had again contacted the police who this time handcuffed Plaintiff, detained him for several hours in a patrol vehicle, and caused injuries to Plaintiff's wrists (and other injuries to Plaintiff's lip and head). Plaintiff was ultimately given a citation for trespassing.

45. There have been numerous complaints about Leauber.

46. Plaintiff had no prior discipline history with Defendant and a stellar work history in and out of law enforcement.

47. In the months leading up to the end of Plaintiff's employment, Leauber made numerous comments about preferring to hire "younger" employees and suggested Plaintiff should not be promoted (as he was seeking a promotion in late 2021) because of his age.

48. Plaintiff expressly told her that such views were improper based on age (opposing what Plaintiff perceived to be clear discrimination).

49. These discussions / objections where Leauber exhibited a clear age animus occurred <u>in the last several months of Plaintiff's employment</u>.

50. After numerous efforts to find out the status of his employment, Plaintiff was presented with a proposed severance agreement (dated 11/3/21) asking Plaintiff to waive all claims of discrimination and retaliation in exchange for monetary consideration. The severance agreement identified Defendant was considering Plaintiff's "Separation Date" from Defendant to be November 3, 2021.

51. In light of the severance agreement sent to Plaintiff and being prohibited from resuming work indefinitely, Plaintiff was terminated from Defendant effective November 3, 2021.

52. Plaintiff was terminated by Defendant, substantially orchestrated by Leauber, for opposing age discrimination, due to Plaintiff's advanced age, for complaining of discrimination based on age and medical conditions, and for exercising FMLA entitlement(s)/requests for accommodations under the ADA.

53. Additionally, Defendant engaged in abuse of process, malicious prosecution, and other tortious conduct by falsely referring Plaintiff to the police and for detainment / arrest (as aforesaid).

54. While repeatedly trying to understand the status of Plaintiff's employment, Plaintiff was given vague statements for his non-return to work post medical leave such as: (a) a potential employee complaint(s); or (b) Lehigh University not wanting him to return to premises. Plaintiff was given no details, nor an opportunity to respond to any feigned concern(s).

55. Even if true, management other than Plaintiff received numerous complaints and were not disciplined or terminated; and separately, supervisors or managers were often transferred

to different locations or sites within Defendant based on employee or third-party preference(s).

56. Everything Plaintiff was vaguely told about potential reasons for termination was absolutely pretextual and there is question Plaintiff was retaliatorily and discriminatorily terminated, particularly in light of the fact that Defendant offered Plaintiff an unsolicited severance, which is not required in accordance with any of its policies and procedures.[2]

57. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of: (1) his known and/or perceived medical conditions/disabilities; (2) his record of impairment; (3) his requested accommodations; (4) his age; (5) his use of FMLA qualifying leave; (6) to prevent him from utilizing FMLA leave in the future; (7) his age; and/or (8) his complaints of discrimination and retaliation.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including but not limited to walking, climbing, bending, and working (among other daily life activities).

60. Plaintiff requested reasonable accommodations from Defendant including

---

[2] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

8

intermittent time off treat and care for his disabilities.

61. Defendant discriminated and retaliated against Plaintiff for his disabilities and requests and utilization of reasonable accommodations.

62. Plaintiff was terminated from his employment with Defendants for alleged accumulation of attendance points (for days Plaintiff missed to treat for and care his disabilities) without any warning or prior discipline.

63. Prior to abruptly terminating Plaintiff's employment, Defendant failed to (1) engage in the interactive process as required under the ADA; or (2) accommodate Plaintiff under the ADA.

64. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of: (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant's failure to engage in the interactive process and/or to accommodate his disabilities.

65. These actions aforesaid constitute violations of the ADA.

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
**(Retaliation & Interference)**

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

68. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

69. Plaintiff had at least 1,250 hours of service with Defendant during his last full year

of employment.

70.     Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

71.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

72.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to inform Plaintiff of his individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (5) making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising his rights under the FMLA; and (6) failing to designate Plaintiff's requests for intermittent and/or block time off for his health conditions in the fall of 2021 as FMLA-qualifying or FMLA protected leave, and such failure demonstrated a willful and reckless disregard for whether their conduct was prohibited by the FMLA.[3]

73.     These actions as aforesaid constitute violations of the FMLA.

---

[3] In cases where the FMLA violation is willful, the plaintiff must file suit "within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C.A. § 2617(c)(2) (West 2001). When "a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period." *Ungerleider v. Fleet Mortg. Group of Fleet Bank*, 329 F. Supp. 2d 343, 362 (D. Conn. 2004) (quoting *Settle v. S.W. Rodgers Co.*, 998 F. Supp. 657, 666 (E.D. Va. 1998) aff'd, 182 F.3d 909 (4th Cir. 1999) (unpublished table decision)); *Caucci v. Prison Health Servs. Inc.*, 153 F.Supp.2d 605, 609 (E.D. Pa. 2001) (same); *see also Kissinger v. Mennonite Home Cmtys.*, No. 20-3000, 2021 U.S. Dist. LEXIS 221656, at *41 (E.D. Pa. Nov. 17, 2021) (finding HR representative's experience coupled with her knowledge of plaintiff's health conditions demonstrated reckless disregard for FMLA rights), *Schofield v. Maverik Country Store*, 26 F. Supp. 3d 1147, 1158 (D. Utah 2014) (same).

**COUNT III**
**Violation of the Age Discrimination in Employment Act ("ADEA")**
**([1] Age Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

74. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

75. Plaintiff was subjected to a hostile work environment towards the end of his employment with Defendants because of his advanced age through disparate treatment, pretextual adverse actions, and discriminatory comments regarding this age.

76. Plaintiff objected to Defendant's discriminatory commentary regarding his age.

77. Shortly thereafter, Plaintiff was terminated by Defendant.

78. Upon information and belief, Plaintiff was replaced by a significantly younger individual.

79. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of his age and/or his objection to Defendant's discriminatory behavior.

80. These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

  F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
Allison A. Barker, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 26, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Giacomo Novielli                                :       CIVIL ACTION
     v.                :
                                                :
ABM Industries, Inc. d/b/a ABM                  :       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X )

| 1/26/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 520 Jacobsburg Road, Nazareth, PA 18064

Address of Defendant: One Liberty Plaza, 7th Floor, New York, NY 10006

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/26/2023    *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/26/2023    *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NOVIELLI, GIACOMO

**DEFENDANTS**
ABM INDUSTRIES, INC. D/B/A ABM

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1  U.S. Government Plaintiff
- 2  U.S. Government Defendant
- **X** 3  Federal Question *(U.S. Government Not a Party)*
- 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- **X** 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)
Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: **X** Yes   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 1/26/2023
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print    Save As...    Reset